UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |
|---|---|
| Chevron Intellectual Property LLC and<br>Chevron U.S.A. Inc., <br><br>  Plaintiffs,<br><br>  vs.<br><br>David L. Basler, Cynthia J. Basler and<br>Bozlees, LLC (d/b/a Bozlees Texaco or<br>Bozlees Convenience Store),<br><br>  Defendants. | Civil Action No 4:08-cv-00014-HEA |

**CONSENT JUDGMENT**

All parties to this proceeding having consented to and requested the entry of this Order, it is hereby ORDERED that:

1. David L. Basler, Cynthia J. Basler and Bozlees, LLC, and all their respective employees, officers, directors, agents, stockholders, successors, assigns, persons acting on their behalf, in concert with them, or under their influence or control (all collectively "Defendants"), are hereby permanently enjoined from:

All display, promotion or other uses of any trademark, service mark, trade name, or other designation of source or origin in connection with the promotion, distribution, and/or sale of Defendants' petroleum, motor vehicle, convenience store, and related goods and services in or at any location, including, but not limited to, the Defendants' business facilities, that are the same as or confusingly similar to any of the following trademarks, service marks, or trade names of Chevron Intellectual Property LLC and Chevron U.S.A. Inc. ("Plaintiffs"):

1. **TEXACO** (U.S. Trademark Registration No. 794,947, registered August 24, 1965) for "gas station services;"

2. **TEXACO** (U.S. Trademark Registration No. 1,209,440, registered September 21, 1982) for "motor and aviation gasolines, jet fuels, diesel fuels, kerosines, fuel oils, home heating oils, lubricating oils and greases;"

3. **Star T Design** (U.S. Trademark Registration No. 1,315,019, registered January 15, 1985) for "gas station services;"

4. **Star T Design** (U.S. Trademark Registration No. 1,222,305, registered January 4, 1983) for "gasoline;"

5. **TEXACO and Star T Design** (U.S. Trademark Registration No. 1,315,020, registered January 15, 1985) for "gas station services;"

6. **TEXACO and Star T Design** (U.S. Trademark Registration No. 1,222,306, registered January 4, 1983) for "gasoline;"

7. **Service Station Canopy Design** (U.S. Trademark Registration No. 2,259,016, registered July 6, 1999) for "gas station services;"

8. **Gasoline Pump Design** (U.S. Trademark Registration No. 2,251,166, registered June 8, 1999) for "gas station services;"

9. **Building Design** (U.S. Trademark Registration No. 2,264,612, registered July 27, 1999) for "automobile service, station services; automotive maintenance and repair services; automotive lubrication and oil change services."

10. **POWER PLUS** for gasoline; and

11. **POWER PREMIUM** for gasoline.

(Collectively "Plaintiffs' Marks"; copies of the respective U.S. Trademark Registrations for the above marks are attached hereto as Exhibits 1 through 9.) Defendants' business facilities include the following: Defendants' physical facilities and surrounding grounds from which Defendants render or rendered services and sell products related to petroleum, motor vehicles, and convenience stores (presently one facility located at 424 N. Chamber, Fredericktown, Missouri 63645 (also the "Defendants' premises")); and all other documents and property of

Defendants located or used at or in connection with the facility at 424 N. Chamber, Fredericktown, Missouri 63645.

2. Defendants are also hereby permanently enjoined from:

Making any statements or representations, or performing any acts, in connection with the promotion, distribution, and/or sale of Defendants' related goods and/or services that are likely to lead the public or individual members of the public to believe that Defendants or their related goods and/or services offered for sale at Defendants' business facilities are in any manner, directly or indirectly, associated, affiliated, or connected with or licensed, sponsored, authorized, supplied, provided, or approved by Plaintiffs.

3. In fulfilling their obligations under this Order, Defendants shall affirmatively undertake and complete the following actions within thirty (30) days after entry of this Order:

(a) Defendants shall remove from the Defendants' premises and destroy all exterior and interior signage that bears Plaintiffs' Marks or any marks confusingly similar thereto.

(b) Defendants shall remove from the Defendants' premises and destroy all products, exterior and interior signs, banners, posters, prints, labeling, packaging, clocks, merchandise, labels, signs, wrappers, receptacles, invoices, stationery, floor mats, advertising materials, promotional materials, point-of-purchase materials, bay signs, and any other tangible items which bear Plaintiffs' Marks or any marks confusingly similar thereto.

(c) Defendants shall completely remove or cover or replace with a distinct color from red (for example, not orange) the horizontal red line or stripe from the canopy of their facility, provided that the background color of the canopy remains black.

        The red line or stripe on the canopy may remain, however, provided that the color of the background of the canopy is changed, in whole or substantially in whole, from black to some other color distinct from black (for example, not dark blue).

(d)   Defendants shall cease all use of, and transfer registrations therefor to Plaintiffs, any domain names containing Plaintiffs' Marks or any terms confusingly similar thereto. Defendants shall remove from their Internet websites and related electronic media all metatags, keywords for Internet search engines, postURL or forwarding commands, hyperlinks, and any other electronic coding that use Plaintiffs' Marks or any terms confusingly similar thereto.

(e)   Defendants shall formally change all of their trade names, fictitious names, DBA's, and all other commercial names and designations used and/or registered by Defendants in the State of Missouri or elsewhere to names that do not contain "Texaco" or any other of Plaintiffs' Marks, or any terms confusingly similar thereto.

(f)   Defendants shall formally request that all telephone listings and other directories, both personal and commercial, change the name in the current listings for Defendants' business facilities to a name that does not contain Plaintiffs' Marks or any terms confusingly similar thereto.

(g)   Defendants shall remove and destroy all uses of Plaintiffs' Marks or any terms confusingly similar thereto in connection with the promotion, distribution, and/or sale of Defendants' related goods and services that are not otherwise addressed in this Order, including but not limited to, invoices, price lists, credit applications,

4

coupons, photographs, website pages and other Internet-related uses, and uses in text.

(h) So long as the background color of the canopy at Defendants' premises remains in whole or substantially in whole black or substantially similar to black, Defendants shall not illuminate in any way the perimeter neon lighting around the canopy at Defendants' premises so long as such lighting or the light emanating or reflected from that lighting is in any way red in color. This provision shall cease to apply if and when the background color of the canopy at Defendants' premises is changed, in whole or substantially in whole, to any color distinct from black (for example, not dark blue).

4. The above-captioned proceeding is hereby dismissed. Plaintiffs' claims are hereby dismissed with prejudice except to the extent Plaintiffs' requested relief is put into effect and ordered herein. Defendants' counterclaims are hereby dismissed with prejudice. This Court will retain jurisdiction over this matter after final determination for purposes of enforcement of Defendants' compliance with this Order, and for purposes of enabling Plaintiffs to apply to the Court for such direction, order or further decree as may be appropriate for construction, enforcement or for the punishment of any violation hereof, or for such additional relief as may become necessary to fully realize the intentions of this Order.

5. Each party shall bear its own costs and attorneys' fees incurred herein.

CHEVRON INTELLECTUAL
 PROPERTY LLC
CHEVRON U.S.A., INC.

By: _____
McPherson D. Moore, E.D.Mo. Bar. 3890
Attorney for Plaintiffs

DAVID L. BASLER
CYNTHIA J. BASLER
BOZLEES, LLC

By: _____
John J. Gazzoli, Jr., E.D.Mo. Bar. 6195
Attorney for Defendants

| | |
|---|---|
| POLSTER, LIEDER, WOODRUFF<br>& LUCCHESI<br>12412 Powerscourt Drive, Suite 200<br>St. Louis, Missouri 63131<br>Telephone: (314) 238-2400<br>Facsimile: (314) 238-2401<br>E-Mail: mmoore@patpro.com | SCHMIEDESKAMP, ROBERTSON, NEU<br>& MITCHELL LLP<br>7700 Bonhomme, Suite 375<br>St. Louis, Missouri 63105<br>Telephone: (314) 725-0030<br>Facsimile: (314) 725-5503<br>E-Mail: jgazzoli@srnm.com |

SO ORDERED:

_____
United States District Court Judge

9-10-08